UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/5/2024 ____
```

------------------------------------------------------------- x

PURE PAYMENT INC.,

                         Plaintiff,

         - against -

AFFIRM, INC.,

                       Defendant.

------------------------------------------------------------- x

Civil Action No.: 1:23-cv-08856-SN

**PROTECTIVE ORDER**

WHEREAS, the parties, Pure Payment Inc. and Affirm, Inc., having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.     Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is business, financial, strategic, proprietary, or otherwise sensitive non-public information, or a trade secret.  Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."  (All such information and documents shall be referred to herein as "Confidential Information.")

2.     Counsel for any party may designate any document or information, in whole or in part, as highly confidential only if counsel determines, in good faith, that the document or information contains non-public and highly confidential business, financial, strategic, proprietary, or otherwise commercially sensitive information, trade secrets, or other similar

information not generally known and that, in the good faith judgment of counsel, is substantially likely to cause injury to the commercial, financial, strategic, or business interests of such disclosing party or its employees, customers, or clients if disclosed.  Information and documents designated by a party as highly confidential will be stamped "HIGHLY CONFIDENTIAL."  (All such information and documents shall be referred to herein as "Highly Confidential Information.")

3.     The Confidential Information and Highly Confidential Information produced will be held and used by the person receiving such information solely for use in connection with this action.

4.     Confidential Information shall not be disclosed to any person, except:

    a.     The parties and counsel, including in-house counsel;

    b.     Employees of such counsel assigned to and necessary to assist in the litigation;

    c.     Consultants, vendors, or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    d.     Witnesses and deponents in this action who are shown the Confidential Information while testifying; and

    e.     The Court (including any mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5.     Highly Confidential Information shall not be disclosed to any person, except:

    a.     Counsel, including in-house counsel;

    b.     Employees of such counsel assigned to and necessary to assist in the litigation;

    c.     Consultants, vendors, or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    d.     Witnesses and deponents in this action who are shown the Highly Confidential Information while testifying; and

     e.     The Court (including any mediator, or other person having access to any Highly Confidential Information by virtue of his or her position with the Court).

6.     Prior to disclosing or displaying Confidential Information or Highly Confidential Information to any person, counsel must:

     a.     Inform the person of the confidential nature of the information or documents;

     b.     Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

     c.     Require each such person (except the parties, counsel, their employees, and the Court) to sign an agreement to be bound by this Order in the form attached hereto.

7.     In the event that a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court.

8.     The disclosure of a document or information without designating it as "Confidential" or "Highly Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information or Highly Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information or Highly Confidential Information subject to all the terms of this Order.

9.     The production of privileged or work-product protected documents, electronically stored information ("ESI"), or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or other information (including metadata)

for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

10.     Notwithstanding the designation of information as "Confidential" or "Highly Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal.  The parties shall confer in good faith about any information that should be filed under seal, and shall follow the Court's procedures with respect to filing under seal.

11.     At the conclusion of litigation, Confidential Information or Highly Confidential Information and any copies thereof shall be promptly (and in no event later than 60 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files, which shall remain subject to this Order.

12.     Nothing herein constitutes an admission by any party that Confidential Information or Highly Confidential Information produced in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information and the Highly Confidential Information.

13.     Nothing herein shall preclude the parties from disclosing material designated as Confidential Information or Highly Confidential Information if otherwise required by law or pursuant to a valid subpoena, provided that the party shall promptly notify the source of the information before such disclosure.

SO STIPULATED AND AGREED.

Dated:   February 2, 2024

GERBEN PERROTT, PLLC                    DAVIS WRIGHT TREMAINE LLP

By:  _/s/ Kathryn G. Kent_____      By: _/s/James Rosenfeld_____
       Kathryn G. Kent                          James Rosenfeld
                                                Celyra Myers

1050 Connecticut Ave NW, Suite 500       1251 Avenue of the Americas, 21st Floor
Washington, DC 20036                     New York, New York 10020
Tel: (802) 448-2403                      Tel: (212) 489-8230
Email: kkent@gerbenlawfirm.com           Email: jamesrosenfeld@dwt.com
                                                 celyramyers@dwt.com

_Counsel for Plaintiff Pure Payment Inc._    _Counsel for Defendant Affirm, Inc._

SO ORDERED.

_____
SARAH NETBURN
United States Magistrate Judge

Dated: February 5, 2024
      New York, New York

**<u>AGREEMENT</u>**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter captioned *Pure Payment Inc. v. Affirm, Inc.* Civil Action No. 1:23-cv-08856-SN (S.D.N.Y.), have been designated as confidential or highly confidential.  I have been informed that any such documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" are confidential or highly confidential by Order of the Court.

I hereby agree that I will not disclose any such documents or information to any other person.  I further agree not to use any such documents or information for any purpose other than this litigation.  I have read the Stipulation and Protective Order in this matter, and I hereby agree to be bound by its terms, including any penalties for breach of its confidentiality provisions.


Signature: _____


Print Name: _____


Date:  _____